Filed
9/29/2014 5:06:48 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Debra Elizondo

CAUSE NO. 14-DCV-217987

| | | |
|---|---|---|
| EDDIE JAY THATCHER | § | IN THE DISTRICT COURT |
| | § | Fort Bend County - 268th Judicial District Court |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| OAKBEND MEDICAL CENTER | § | FORT BEND COUNTY, TEXAS |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW EDDIE JAY THATCHER ("Plaintiff" or "Thatcher") filing his Plaintiff's Original Petition and complaining of OAKBEND MEDICAL CENTER ("Defendant" or "OakBend"), and would respectfully show the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends that discovery be conducted under Level 2 in accordance with Texas Rule of Civil Procedure 190.3.

### II.   CLAIMS FOR RELIEF

2.   Pursuant to Texas Rule of Civil Procedure 47, Plaintiff files this Original Petition for retaliation and wrongful termination by Defendant. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47, however, requires that Plaintiff provide a statement of the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief over $100,000 is being sought. The damages sought are within the jurisdictional limits of the court.

### III.   PARTIES

3.   Plaintiff EDDIE JAY THATCHER is a citizen of the State of Texas residing in Fort Bend County, Texas.

---

PLAINTIFF'S ORIGINAL PETITION





EXHIBIT
A

4.      Upon information and belief, Defendant OAKBEND MEDICAL CENTER is a Texas nonprofit corporation organized and existing under the laws of Texas. OakBend maintains its principal place of business in the State of Texas. OakBend may be served with process by serving its registered agent, Joseph Freudenberger, at its registered office address at 1705 Jackson Street, Richmond, Texas 77469 or wherever he may be found.

5.      Whenever in this Petition it is alleged the Defendant committed any act or omission, it is meant the Defendant's officers, directors, affiliates, subsidiaries, vice-principals, partners, agents, servants, owners, operators, managers, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of their agency and employment as Defendant's officers, directors, affiliates, subsidiaries, vice-principals, partners, agents, servants, owners, operators, managers, or employees.

## IV.    DISCLOSURES

6.      Pursuant to Texas Civil Practice and Remedies Code Section 30.014, the last three numbers of Plaintiff's driver's license number are 727, and the last three numbers of Plaintiff's social security number are 823. Pursuant to Section 30.015, the Plaintiff's current residence address is 6018 Oxford Lake Dr., Rosenberg, Texas 77471.

## V.    JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Defendant is subject to personal jurisdiction in this Court because it is a Texas corporation.

8.      Venue is proper in this Court because Fort Bend County is the county "in which all or substantial part of the events or omissions giving rise to [this] claim occurred," and is



the county of Defendant's principal office. Tex. Civ. Prac. & Rem. Code Sec. 15.002(a)(1) and (3).

## VI.   FACTUAL BACKGROUND

9.     Plaintiff Eddie Jay Thatcher was hired by Defendant OakBend Medical Center on or about February 24, 2014.

10.     Plaintiff Thatcher was employed as a security officer during his employment with Defendant OakBend.

11.     Defendant OakBend is a full service healthcare facility located in Fort Bend County, Texas with two full service hospital campuses and numerous specialty locations.

12.     On or about April 14, 2014, Defendant OakBend terminated Plaintiff Thatcher's employment.

**A.   PLAINTIFF'S EMPLOYMENT**

13.     Plaintiff Thatcher was employed as a security officer by Defendant OakBend Medical Center.

14.     In general, Thatcher was responsible for protecting persons and property at OakBend. Among other things, Thatcher was responsible for observing behavioral health patients as assigned; reporting safety hazards observed; providing assistance to employees, patients, and visitors; and providing security intervention and support for situations involving high-risk patients and visitors.

15.     On Friday, April 4, 2014, at approximately 9:00 p.m., Plaintiff Thatcher was working his detail when an unconscious patient (identified herein as C.V.) arrived at the OakBend Medical Center's Jackson Street hospital. Thatcher was assigned to watch C.V. Patient C.V. remained unconscious until the end of Thatcher's shift at midnight, and no incidents transpired that required Thatcher's intervention.



16.     When Thatcher arrived at work the following day on Saturday April 5, he was surprised to find C.V. was still unconscious and apparently unattended in a room near the nurse's station. At approximately 3:00 p.m., a technician from Texana Center, a mental health facility, arrived at the OakBend Jackson Street hospital and C.V.'s room to evaluate C.V. The technician attempted to revive C.V. so that she could evaluate him, but C.V. remained unresponsive. The technician explained that she could not evaluate C.V. as long as he was unconscious and that she would have to try again the following day.

17.     At that point, a Charge Nurse entered C.V.'s room. The Nurse told the technician that she would "make [C.V.] as uncomfortable as possible" so he would wake up. The Nurse then proceeded to kick the unconscious C.V. in his lower leg. The force of the kick jolted C.V.'s legs, and he immediately woke up complaining of pain. The Nurse then threatened to have C.V. thrown in jail if he did not get up. C.V. became irritated, and he and the Nurse argued. Thatcher tried to defuse the situation, but the Nurse continued to shout at C.V. and provoke him. Thatcher spoke with C.V., who eventually calmed down.

**B.     PLAINTIFF'S REPORT**

1.     Plaintiff Thatcher, dismayed at the Nurse's actions and concerned that what he observed might be a violation of law, decided it was appropriate to report the incident to his direct supervisor, Harold Allen. Harold Allen is Security Manager at Defendant OakBend and was responsible for the direct supervision of Plaintiff Thatcher during his employment with OakBend.

2.     Plaintiff Thatcher reported to Mr. Allen in person at approximately 3:30 p.m. that same day. In response, Allen told Thatcher not to return to C.V.'s bedside. Instead, Allen instructed Thatcher to report to OakBend Williams Way, a separate location. Thatcher followed his orders and immediately reported to the Williams Way facility.



3.     After Thatcher arrived at the Williams Way facility, he was surprised to encounter C.V. in the emergency room there. The last time Thatcher had seen C.V., he did not appear to be in stable condition, so Thatcher was surprised C.V. had ended up at the Williams Way facility. Thatcher asked C.V. how he had gotten there, and C.V. related that the Nurse discharged him to Texana Center, who in turn had sent him to OakBend Williams Way because Texana Center felt he was not stable enough to remain at their facility.

## C.     DEFENDANT RETALIATES AND TERMINATES PLAINTIFF'S EMPLOYMENT

4.     Thatcher remained concerned about the manner in which patient C.V. had been treated at OakBend Jackson Street. Accordingly, Thatcher followed up with his supervisor Harold Allen to see how the situation should be handled.  In response, Allen told Thatcher not to report back to work and that Allen would call him the following Monday with instructions.

5.     Thatcher never heard from Allen; and his calls to Allen went unanswered. Thatcher began to grow concerned that he might have jeopardized his employment by reporting the Nurse. As a result, Thatcher called the Human Resources Department. Nancy Retzlaff is the Director of Human Resources of Defendant OakBend. Thatcher spoke with Retzlaff and explained the situation. Thatcher was told that Human Resources had heard nothing about the C.V. incident, but that it would be taken care of.

6.     On or about April 14, 2014, Thatcher met with supervisor Allen. At that meeting, Defendant OakBend terminated Plaintiff Thatcher's employment.

7.     Thatcher was provided no reason for his discharge other than a purported failure to deescalate the incident that occurred between the Nurse and patient C.V.

8.      In the process of terminating Thatcher, Defendant's actions resulted in damages and injury to Thatcher's professional reputation, personal humiliation, mental anguish, suffering and damaging Thatcher future potential employment opportunities.

## VII.   CAUSES OF ACTION

### A.   COUNT ONE: RETALIATION UNDER TEXAS HEALTH & SAFETY CODE § 161.134

9.      Plaintiff adopts and incorporates by reference each preceding paragraph of this Complaint as if fully and completely set forth herein.

10.     Pursuant to TEXAS HEALTH & SAFETY CODE § 161.134(f), there is a rebuttable presumption that Defendant OakBend terminated, disciplined, or discriminated against Plaintiff for making a report related to a legal violation because the Plaintiff's termination, discipline, or discrimination occurred before the 60th day after the date on which Plaintiff made his report in good faith.

11.     Plaintiff reported legal violations, including patient safety violations, to his supervisor and other administrators of Defendant OakBend. After Plaintiff reported the legal violations, including patient safety violations noted above, Defendant OakBend retaliated against Plaintiff and terminated Plaintiff's employment.

12.     Defendant's actions, retaliation, and termination of Plaintiff's employment violated the TEXAS HEALTH AND SAFETY CODE, including but not limited to § 161.134 of the TEXAS HEALTH AND SAFETY CODE.

13.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered actual damages, mental anguish, lost wages, lost fringe benefits, lost bonuses, both in the past and in the future, as well as court costs, inconvenience, loss of enjoyment of life in the past and in all probability will continue to suffer in the future.



14.     Furthermore, Plaintiff is entitled to recover exemplary damages and reasonable attorney's fees pursuant to Texas Health and Safety Code § 161.134(d)

## VIII.   DAMAGES APPLICABLE TO ALL COUNTS

15.     Plaintiff adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.

16.     Defendant's conduct and actions discussed above proximately caused injury to Plaintiff, which resulted in the following damages:

    a.  Actual damages;

    b.  Mental anguish in the past;

    c.  Mental anguish in the future;

    d.  Back pay including lost wages and benefits that would have been paid from the date of the retaliation until the trial date;

    e.  Future pay including future bonuses, lost earnings and benefits;

    f.  Loss of employment;

    g.  Loss of employment benefits;

    h.  Prejudgment interest;

    i.  Post-judgment interest;

    j.  Costs of court; and

    k.  Attorney's fees.

17.     Plaintiff also seeks unliquidated damages within the jurisdictional limits of this Court.

## IX.   EXEMPLARY DAMAGES

18.     Plaintiff adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.



19.     Plaintiff also seeks exemplary damages caused by the gross negligence and/or malice of Defendant OakBend for damages and losses relating to its actions listed above.

20.     Plaintiff's injuries resulted from Defendant's gross negligence or malice which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.003(a) and TEXAS HEALTH AND SAFETY CODE § 161.134(d).

21.     The conduct of Defendant's actions or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

22.     Plaintiff intends to show that the factors the jury may consider in determining the amount of exemplary damages which should be awarded include:

  a.   the nature of the wrong committed by Defendant;

  b.   the character of Defendant's conduct;

  c.   the degree of culpability of Defendant;

  d.   the situation and sensibilities of the parties concerned; and

  e.   the extent to which Defendant's conduct offends a public sense of justice and propriety.

23.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

## X.     ATTORNEY'S FEES

24.     Plaintiff adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.



25.     In addition, as a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf.

26.     Plaintiff has retained the services of the undersigned counsel of record, and accordingly, Plaintiff sues for reasonable attorney's fees pursuant to TEXAS HEALTH AND SAFETY CODE § 161.134(d).

## XI.     JURY DEMAND

27.     Plaintiff demands a jury trial and tendered the appropriate fee.

## XII.     REQUESTS FOR DISCLOSURE

28.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or materials described in Rule 194.2.

## XIII.  DEMAND FOR PRESERVATION OF EVIDENCE AND ESI

29.     Plaintiff hereby requests and demands that Defendant OakBend preserve and maintain all evidence pertaining to any claim or defense related to the facts and allegations making the basis of this lawsuit, or damages resulting therefrom.

30.     Defendant and its affiliated entities should immediately take the necessary steps to issue a litigation hold and preserve all "electronically stored information" ("ESI") and other documents, on whatever storage media, device or location, in their possession or control (including third parties) that contain potential ESI relating to the claims and defenses contained in this Petition, and that Defendant avoid spoliation of this ESI. Defendant should suspend all document retention or destruction policies, including but not limited to video surveillance footage, video security footage, backup, restoration, deletion, destruction, and tape recycling.



## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff EDDIE JAY THATCHER respectfully prays Defendant OAKBEND MEDICAL CENTER be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against the Defendant for:

(1)    Actual damages and injuries specifically pled herein;

(2)    Unliquidated damages within the jurisdictional limits of this Court;

(3)    Mental anguish in the past;

(4)    Mental anguish in the future;

(5)    Back pay including lost wages and benefits that would have been paid from the date of the retaliation until the trial date;

(6)    Future pay including future bonuses, lost earnings and benefits;

(7)    Loss of employment;

(8)    Loss of employment benefits;

(9)    Prejudgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

(10)    Post-judgment interest;

(11)    Costs of court;

(12)    Exemplary damages excluding interest;

(13)    Reasonable attorney's fees; and

(14)    Such other and further relief to which the Plaintiff may be entitled at law or in equity.



Respectfully submitted,

THE CLINTON LAW FIRM

_____
Scot Clinton
Texas Bar No. 24045667
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
(713) 360-8900 Tel.
(713) 589-8800 Fax.
Scot@theclintonlawfirm.com

Attorney for Plaintiff
Eddie Jay Thatcher

I, Annie Rebecca Elliott, District Clerk of Fort Bend
County, Texas, do hereby certify that the
foregoing is a true, correct and full copy of the
instrument herein set out as appears of record in
the District Court of Fort Bend County, Texas,
This _4_ day of _December_ 20 _14_

ANNIE REBECCA ELLIOTT, DISTRICT CLERK
By _____
ARIANA C. SALAZAR

Filed
9/29/2014 5:06:48 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Debra Elizondo



## *Annie Rebecca Elliott*
## *Fort Bend County District Clerk*
### *301 Jackson Street*
### *Richmond, Texas 77469*
### *Telephone 281-341-4509 Fax 281-341-4519*

### CIVIL CASE INFORMATION SHEET
**14-DCV-217987**

Fort Bend County - 268th Judicial District Cour

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED **Eddie Jay Thatcher v. OakBend Medical Center**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Scot Clinton | Plaintiff(s)/Petitioner(s):<br>Eddie Jay Thatcher | ■ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Email:<br>scot@theclintonlawfirm.com | | |
| Address:<br>2700 Post Oak Blvd., Suite 1120 | | Additional Parties in Child Support Case: |
| Telephone:<br>(713) 360-8900 | Defendant(s)/Respondent(s):<br>OakBend Medical Center | Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77056 | | |
| Fax:<br>(713) 589-8800 | | Non-Custodial Parent: |
| Signature:<br>Scot Clinton | | Presumed Father: |
| State Bar No:<br>24045667 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability: | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | | | | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | ☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br><br>☐ Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other: | **Other Family Law**<br>☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other: | **Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>■ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

Filed
10/14/2014 2:53:42 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Ashley Alaniz

NO. 14-DCV-217987

| | | |
|---|---|---|
| EDDIE JAY THATCHER, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| OAKBEND MEDICAL CENTER, | § | |
| | § | |
| **Defendant.** | § | 268TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant OAKBEND MEDICAL CENTER files this, its Original Answer to Plaintiff's Petition, and in support thereof would respectfully show as follows:

### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant files a general denial to Plaintiff's Original Petition and demands that Plaintiff prove its case by a preponderance of the evidence.

### Affirmative Defenses

1. Plaintiff has failed to mitigate his damages.

2. Plaintiff's claim under the Texas Health & Safety Code are barred by sovereign immunity.

### Prayer

WHEREFORE, Defendant OAKBEND MEDICAL CENTER respectfully requests this Court enter judgment that Plaintiff take nothing by reason of this lawsuit, and that Defendant OAKBEND MEDICAL CENTER, be discharged with its costs and be awarded such other and further relief of whatsoever nature to which it may show itself justly entitled.



Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.


By: /s/Mark J. Levine
    MARK J. LEVINE
    State Bar No. 00791102
    Eleven Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: (713) 961-9045
    Facsimile: (713) 961-5341
ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of October, 2014 a true and correct copy of the foregoing Original Answer was forwarded via facsimile and electronically to the following counsel of record:

Scot Clinton
The Clinton Law Firm
2700 Post Oak Blvd, Suite 1120
Houston, Texas 77056
Tel. 713-360-8900
Fax 713-589-8800
Scot@theclintonlawfirm.com


/s/Mark J. Levine
MARK J. LEVINE

I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This ___ day of _____ 20 14.

ANNIE REBECCA ELLIOTT, DISTRICT CLERK

By _____
ARIANA C. SALAZAR

2

Filed
12/3/2014 7:19:01 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Ariana Salazar

## CAUSE NO. 14-DCV-217987

| | | |
|---|---|---|
| **EDDIE JAY THATCHER** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **268TH JUDICIAL DISTRICT** |
| | § | |
| **OAKBEND MEDICAL CENTER** | § | **FORT BEND COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW Eddie Jay Thatcher ("Plaintiff" or "Thatcher") filing his Plaintiff's First Amended Petition and complaining of OakBend Medical Center ("Defendant" or "OakBend"), and would respectfully show the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 2 in accordance with Texas Rule of Civil Procedure 190.3.

### II.   CLAIMS FOR RELIEF

2.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff files this Petition against Defendant for retaliation and wrongful termination, breach of employment contract, and infringement upon constitutionally protected interests in freedom of speech and expression. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47, however, requires that Plaintiff provide a statement of the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief over $100,000 is being sought. The damages sought are within the jurisdictional limits of the court.

---

### III.   PARTIES

3.      Plaintiff Eddie Jay Thatcher is a citizen of the State of Texas residing in Fort Bend County, Texas.

4.      Upon information and belief, Defendant OakBend Medical Center is a Texas nonprofit corporation organized and existing under the laws of Texas. OakBend maintains its principal place of business in the State of Texas. OakBend may be served through its attorney of record, Mark J. Levine, Weycer, Kaplan, Pulaski & Zuber, P.C., at Eleven Greenway Plaza, Suite 1400, Houston, Texas 77046.

5.      Whenever in this Petition it is alleged the Defendant committed any act or omission, it is meant the Defendant's officers, directors, affiliates, subsidiaries, vice-principals, partners, agents, servants, owners, operators, managers, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of their agency and employment as Defendant's officers, directors, affiliates, subsidiaries, vice-principals, partners, agents, servants, owners, operators, managers, or employees.

### IV.   DISCLOSURES

6.      Pursuant to Texas Civil Practice and Remedies Code Section 30.014, the last three numbers of Plaintiff's driver's license number are 727, and the last three numbers of Plaintiff's social security number are 823. Pursuant to Section 30.015, the Plaintiff's current residence address is 6018 Oxford Lake Dr., Rosenberg, Texas 77471.

## V.    JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Defendant is subject to personal jurisdiction in this Court because it is a Texas corporation.

8.    Venue is proper in this Court because Fort Bend County is the county "in which all or substantial part of the events or omissions giving rise to [this] claim occurred," and is the county of Defendant's principal office. Tex. Civ. Prac. & Rem. Code Sec. 15.002(a)(1) and (3).

## VI.    FACTUAL BACKGROUND

9.    Plaintiff Eddie Jay Thatcher was hired by Defendant OakBend Medical Center on or about February 24, 2014.

10.    Plaintiff Thatcher was employed as a security officer during his employment with Defendant OakBend.

11.    Defendant OakBend is a full service healthcare facility located in Fort Bend County, Texas with two full service hospital campuses and numerous specialty locations.

12.    On or about April 14, 2014, Defendant OakBend terminated Plaintiff Thatcher's employment.

### A.    PLAINTIFF'S EMPLOYMENT

13.    In general, Thatcher was responsible for protecting persons and property at OakBend. Among other things, Thatcher's services included observing behavioral health patients as assigned; reporting safety hazards observed; providing assistance to employees, patients, and visitors; and providing security intervention and support for situations involving high-risk patients and visitors.

---

14.     On Friday, April 4, 2014, at approximately 9:00 p.m., Plaintiff Thatcher was working his detail when an unconscious patient (identified herein as C.V.) arrived at the OakBend Medical Center's Main Campus located at 1705 Jackson Street, Richmond, Texas. Thatcher was assigned to watch C.V. Patient C.V. remained unconscious until the end of Thatcher's shift at midnight, and no incidents transpired that required Thatcher's intervention.

15.     When Thatcher arrived at work the following day on Saturday April 5, 2014, he was surprised to find C.V. was still unconscious and apparently unattended in a room near the nurse's station. At approximately 3:00 p.m., a technician from Texana Center, a mental health facility, arrived at OakBend's Main Campus and C.V.'s room to evaluate C.V. The technician attempted to revive C.V. so that she could evaluate him, but C.V. remained unresponsive. The technician explained that she could not evaluate C.V. as long as he was unconscious and that she would have to try again the following day.

16.     At that point, a Charge Nurse entered C.V.'s room. The Nurse told the technician that she would "make [C.V.] as uncomfortable as possible" so he would wake up. The Nurse then proceeded to kick the unconscious C.V. in his lower leg. The force of the kick jolted C.V.'s legs, and he immediately woke up complaining of pain. The Nurse then threatened to have C.V. thrown in jail if he did not get up. C.V. became irritated, and he and the Nurse argued. Thatcher tried to defuse the situation, but the Nurse continued to shout at C.V. and provoke him. Thatcher spoke with C.V., who eventually calmed down.

**B.     PLAINTIFF'S REPORT**

17.     Plaintiff Thatcher, dismayed at the Nurse's actions and concerned that what he observed might be a violation of law, decided it was appropriate to report the incident to his direct supervisor, Harold Allen. Harold Allen is Security Manager at Defendant OakBend and

was responsible for the direct supervision of Plaintiff Thatcher during his employment with OakBend.

18.     Plaintiff Thatcher reported to Mr. Allen in person at approximately 3:30 p.m. that same day. In response, Allen told Thatcher not to return to C.V.'s bedside. Instead, Allen instructed Thatcher to report to OakBend Williams Way, a separate location. Thatcher followed his orders and immediately reported to the Williams Way facility.

19.     After Thatcher arrived at the Williams Way facility, he was surprised to encounter C.V. in the emergency room there. The last time Thatcher had seen C.V., he did not appear to be in stable condition, so Thatcher was surprised C.V. had ended up at the Williams Way facility. Thatcher asked C.V. how he had gotten there, and C.V. related that the Nurse discharged him to Texana Center, who in turn had sent him to OakBend Williams Way because Texana Center felt he was not stable enough to remain at their facility.

C.     DEFENDANT RETALIATES AND TERMINATES PLAINTIFF'S EMPLOYMENT

20.     Thatcher remained concerned about the manner in which patient C.V. had been treated at OakBend's Main Campus. Accordingly, Thatcher followed up with his supervisor Harold Allen to see how the situation should be handled. In response, Allen told Thatcher not to report back to work and that Allen would call him the following Monday with instructions.

21.     Thatcher never heard from Allen; and his calls to Allen went unanswered. Thatcher began to grow concerned that he might have jeopardized his employment by reporting the Nurse. As a result, Thatcher called the Human Resources Department. Nancy Retzlaff is the Director of Human Resources of Defendant OakBend. Thatcher spoke with Retzlaff and explained the situation. Thatcher was told that Human Resources had heard nothing about the C.V. incident, but that it would be taken care of.

---

22.     On or about April 14, 2014, Thatcher met with supervisor Allen. At that meeting, Defendant OakBend terminated Plaintiff Thatcher's employment.

23.     Thatcher was provided no reason for his discharge other than a purported failure to deescalate the incident that occurred between the Nurse and patient C.V.

24.     In the process of terminating Thatcher, Defendant's actions resulted in damages and injury to Thatcher's professional reputation, personal humiliation, mental anguish, suffering and damaging Thatcher future potential employment opportunities.

## VII.   CAUSES OF ACTION

### A.     Count One: Retaliation Under Texas Health & Safety Code § 161.134

25.     Plaintiff Eddie Jay Thatcher adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.

26.     Plaintiff reported legal violations, including patient safety violations, to his supervisor and other administrators of Defendant OakBend. After Plaintiff reported the legal violations, including patient safety violations noted above, Defendant retaliated against Plaintiff and terminated Plaintiff's employment.

27.     Because Defendant terminated Plaintiff's employment before the 60th day after the date on which Plaintiff made his report in good faith to OakBend, there is a rebuttable presumption that Defendant terminated Plaintiff for making a report related to a legal violation pursuant to Texas Health and Safety Code § 161.134(f).

28.     Defendant's actions, retaliation, and termination of Plaintiff's employment violated the Texas Health and Safety Code, including but not limited to § 161.134 of the Texas Health and Safety Code.

29.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered actual damages, mental anguish, lost wages, lost fringe benefits, lost bonuses,

both in the past and in the future, as well as court costs, inconvenience, loss of enjoyment of life in the past and in all probability will continue to suffer in the future.

30.     Furthermore, Plaintiff is entitled to recover exemplary damages and reasonable attorney's fees pursuant to Texas Health and Safety Code § 161.134(d).

**B.     COUNT TWO: BREACH OF EMPLOYMENT CONTRACT**

31.     Plaintiff Eddie Jay Thatcher adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein. Plaintiff provided services to Defendant in the form of general work in the protection of persons and property, and the enforcement of all applicable policies, rules, and regulations at Defendant OakBend Medical Center. Plaintiff also was responsible for observing behavioral health patients as assigned, reporting safety hazards observed; providing assistance to employees, patients, and visitors; and providing security intervention and support for situations involving high-risk patients and visitors, and complying with and enforcing applicable federal, state, and local laws to prevent losses due to accidents and incidents.

32.     Plaintiff reported legal violations, including patient safety violations, to his supervisor and other administrators of Defendant OakBend. After Plaintiff reported the legal violations, including patient safety violations noted above, Defendant OakBend terminated Plaintiff's employment.

33.     Defendant's actions, retaliation, and termination of Plaintiff's employment violated the terms of his employment and consequently the Texas Local Government Code, including but not limited to § 271.152 of the Texas Local Government Code.

34.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, mental anguish, lost wages, lost fringe benefits, lost bonuses, both in the past

---

and in the future, as well as court costs, inconvenience, loss of enjoyment of life in the past and in all probability will continue to suffer in the future.

## C.   COUNT THREE: RETALIATION FOR EXERCISE OF FREE SPEECH AND EXPRESSION

35.     Plaintiff Eddie Jay Thatcher adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.

36.     Plaintiff reported legal violations, including patient safety violations, to Defendant OakBend.  The Plaintiff's report constitutes speech by an individual citizen having to do with a matter of public concern. After Plaintiff reported the legal violations, including patient safety violations noted above, Defendant OakBend retaliated against Plaintiff and terminated Plaintiff's employment.

37.     Defendant's actions, retaliation, and termination of Plaintiff's employment infringes upon Plaintiff's constitutionally protected interest in freedom of speech and expression, under Tex. Const. art. I, § 8 and the First Amendment of the United States Constitution.

## VIII.   DAMAGES

38.     Plaintiff adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.

39.     Defendant's conduct and actions discussed above proximately caused injury to Plaintiff, which resulted in the following damages:



    a.   Actual damages;

    b.   Mental anguish in the past;

    c.   Mental anguish in the future;

    d.   Back pay including lost wages and benefits that would have been paid from the date of the retaliation until the trial date;

e.  Future pay including future bonuses, lost earnings and benefits;

f.  Loss of employment;

g.  Loss of employment benefits;

h.  Prejudgment interest;

i.  Post-judgment interest;

j.  Costs of court; and

k.  Attorney's fees.

40.     Plaintiff also seeks unliquidated damages within the jurisdictional limits of this Court.

## IX.    EXEMPLARY DAMAGES

41.     Plaintiff Eddie Jay Thatcher adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.

42.     Plaintiff also seeks exemplary damages caused by the gross negligence and/or malice of Defendant OakBend for damages and losses relating to its actions listed above.

43.     Plaintiff's injuries resulted from Defendant's gross negligence or malice which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code § 41.003(a) and Texas Health and Safety Code § 161.134(d).

44.     The conduct of Defendant's actions or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

45.     Plaintiff intends to show that the factors the jury may consider in determining the amount of exemplary damages which should be awarded include:

     a.  the nature of the wrong committed by Defendant;

     b.  the character of Defendant's conduct;

     c.  the degree of culpability of Defendant;

     d.  the situation and sensibilities of the parties concerned; and

     e.  the extent to which Defendant's conduct offends a public sense of justice and propriety.

46.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

## X.     ATTORNEY'S FEES

47.     Plaintiff adopts and incorporates by reference each preceding paragraph of this Petition as if fully and completely set forth herein.

48.     In addition, as a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf.

49.     Plaintiff has retained the services of the undersigned counsel of record, and accordingly, Plaintiff sues for reasonable attorney's fees pursuant to Texas Health and Safety Code § 161.134(d).

## XI.     JURY DEMAND

50.     Plaintiff demands a jury trial and tendered the appropriate fee.

## XII.     REQUESTS FOR DISCLOSURE

51.     Under Texas Rule of Civil Procedure 194, Plaintiff previously requested that Defendant disclose, within 50 days of service of this request, the information or materials described in Rule 194.2.

---

### XIII.  DEMAND FOR PRESERVATION OF EVIDENCE AND ESI

52.     Plaintiff previously requested and demanded that Defendant OakBend preserve and maintain all evidence pertaining to any claim or defense related to the facts and allegations making the basis of this lawsuit, or damages resulting therefrom.

53.     Defendant and its affiliated entities should immediately take the necessary steps to issue a litigation hold and preserve all "electronically stored information" ("ESI") and other documents, on whatever storage media, device or location, in their possession or control (including third parties) that contain potential ESI relating to the claims and defenses contained in this Petition, and that Defendant avoid spoliation of this ESI. Defendant should suspend all document retention or destruction policies, including but not limited to video surveillance footage, video security footage, backup, restoration, deletion, destruction, and tape recycling.

### IX. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Eddie Jay Thatcher respectfully prays Defendant OakBend Medical Center be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against the Defendant for:

     (1)    Actual damages and injuries specifically pled herein;

     (2)    Unliquidated damages within the jurisdictional limits of this Court;

     (3)    Mental anguish in the past;

     (4)    Mental anguish in the future;



     (5)    Back pay including lost wages and benefits that would have been paid from the date of the retaliation until the trial date;

     (6)    Future pay including future bonuses, lost earnings and benefits;

(7)     Loss of employment;

(8)     Loss of employment benefits;

(9)     Prejudgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

(10)    Post-judgment interest;

(11)    Costs of court;

(12)    Exemplary damages excluding interest;

(13)    Reasonable attorney's fees; and

(14)    Such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE CLINTON LAW FIRM

Scot Clinton
Texas Bar No. 24045667
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
(713) 360-8900 Tel.
(713) 589-8800 Fax.
Scot@theclintonlawfirm.com

Attorney for Plaintiff
Eddie Jay Thatcher



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument is being served on all parties on this December 3, 2014.

Mark J. Levine
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 Greenway Plaza, Suite 1400
Houston, Texas 77046-1104
(713) 961-5341 fax
mlevine@wkpz.com
Attorney for Defendant

_____
Scot Clinton

I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas. This ___ day of _____ 20___

ANNIE REBECCA ELLIOTT, DISTRICT CLERK

By_____
**ARIANA C. SALAZAR**

COPY/FILE REQUEST

Filed
12/8/2014 12:54:20 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Ariana Salazar



# ANNIE REBECCA ELLIOTT
## District Clerk
## 301 Jackson St. Richmond, TX 77469
## Fort Bend County, Texas

Telephone: (281) 341-4509
Fax: (281) 341-4519

**COPIES MUST BE PAID FOR IN ADVANCE**
1. Pay Cashier – Rm.10142
2. Pay By Internet: www.officialpayments.com
3. Pay By Mail – Check or Money Order

CAUSE NO: 14-DCV-217987

STYLE: Eddie Jay Thatcher ___ VS OakBend Medical Center

☑ CERTIFIED   ☐ NON-CERTIFIED   NUMBER OF COPIES: 1

**PLEADING(S) (PLEASE CHECK:**

☑ COMPLETE FILE   ☐ DECREE OF DIVORCE   ☐ MOTIONS   ☐ ORIGINAL PETITION

☐ DISMISSAL   ☐ DOCKET SHEET   ☐ ORDER   ☐ INDICTMENT

☐ QUADRO   ☐ WITHHOLDING ORDER   ☐ JUDGMENT   ☐ MRP/MAG

☐ JUDGMENT and SENTENCE   ☐ JUDGMENT REVOKING PROBATION/ADJUDICATING GUILT

☐ OTHER (LIST)

[Other] _____
[Other] _____
[Other] _____

REEL NO: _____   BEGIN BLIP NO: _____   ENDING BLIP NO: _____

**MAILING ADDRESS:**

NAME: Weycer, Kaplan, Pulaski & Zuber, PC

ADDRESS: 11 Greenway Plaza, Suite 1400

CITY, STATE,ZIP: Houston, Texas 77035

TELEPHONE NO: 713-961-9045

FAX NO: 713-961-5341

Attention: Amanda Gutierrez

| COST |
|------|
| COPIES: $1.00 PER PAGE |
| TO FAX: $1.00 PER PAGE |

OR

PLEASE NOTIFY WHEN READY FOR PICK-UP:

NAME: _____   TELEPHONE: _____

DATE: _____

REQUESTOR: _____   TELEPHONE: _____

**OFFICE USE ONLY:**
FILE REQUESTED FROM STORAGE FACILITY ON: _____

COPIES MADE: _____   BY: _____

I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This ___ day of _____ 20 __

ANNIE REBECCA ELLIOTT, DISTRICT CLERK

By_____
ARIANA C. SALAZAR