IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE JAY THATCHER,<br>    Plaintiff, | §<br>§<br>§ | CIVIL ACTION 4:2014-cv-03551<br><br>JURY TRIAL DEMANDED |
| v. | §<br>§ | |
| OAKBEND MEDICAL CENTER; and<br>HAROLD ALLEN, individually and in<br>his official capacity,<br>    Defendants. | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE GRAY MILLER:**

COMES NOW Eddie Jay Thatcher ("Plaintiff" or "Thatcher") filing his Plaintiff's Original Complaint and would respectfully show the Court as follows:

### I.   INTRODUCTION

1. Plaintiff files this Complaint against Defendants for retaliation and wrongful termination, and infringement upon constitutionally protected interests made actionable by 42 U.S.C. § 1983.

2. Plaintiff seeks to recover actual damages, mental anguish, exemplary damages, attorney's fees, compensation for lost wages, reinstatement of lost fringe benefits, taxable costs of court, and pre-judgment and post-judgment interest and equitable relief as allowed by law.

3. Plaintiff demands a jury trial on all issues triable to a jury.

### II.   PARTIES

4. Plaintiff Eddie Jay Thatcher is a citizen of the State of Texas residing in Fort Bend County, Texas.

1

5. Defendant OakBend Medical Center is a hospital in Richmond, Fort Bend County, Texas and municipal hospital authority created by the City of Richmond, Texas and organized and existing under the laws of the State of Texas. OakBend was previously served with Plaintiff's Original Petition in Cause No. 14-DCV-217987 before this case was removed from state court to this court through its attorney of record, Mark J. Levine, of Weycer, Kaplan, Pulaski & Zuber, P.C., at Eleven Greenway Plaza, Suite 1400, Houston, Texas 77046.

6. Defendant Harold Allen is a citizen of the State of Texas residing in Fort Bend County, Texas. Allen is sued in both his individual capacity and in his official capacity as Plaintiff Thatcher's supervisor at Defendant OakBend Medical Center. He may be served with process at his usual place of business, located at 1705 Jackson Street, Richmond, Fort Bend County, Texas 77469, or wherever he may be found.

7. Whenever in this Complaint it is alleged the Defendant OakBend committed any act or omission, it is meant the Defendant's officers, directors, affiliates, subsidiaries, vice-principals, partners, agents, servants, owners, operators, managers, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of their agency and employment as Defendant's officers, directors, affiliates, subsidiaries, vice-principals, partners, agents, servants, owners, operators, managers, or employees.

### III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1331 and § 1367. This Court has subject matter jurisdiction over this lawsuit because the Plaintiff's claims include a federal question concerning Plaintiff's constitutionally protected interest in freedom of speech and expression under the First Amendment of the United States

Constitution, made actionable by 42 U.S.C. § 1983. The Court has personal jurisdiction over Defendant OakBend since it maintains and operates business in the State of Texas and it purposefully availed itself to the protections of the State of Texas.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

10. This Court has jurisdiction over all claims in this action.

11. The amount in controversy is within the jurisdictional limits of this Court.

### IV. FACTUAL BACKGROUND

12. Plaintiff Eddie Jay Thatcher was hired by Defendant OakBend Medical Center on or about February 24, 2014.

13. Plaintiff Thatcher was employed as a security officer during his employment with Defendant OakBend.

14. Defendant OakBend is a full service healthcare facility located in Fort Bend County, Texas with numerous full service hospital campuses and specialty locations.

15. On or about April 14, 2014, Thatcher's supervisor Harold Allen terminated Plaintiff Thatcher's employment at OakBend.

**A.   PLAINTIFF'S EMPLOYMENT**

16. In general, Thatcher was responsible for protecting persons and property at OakBend. Among other things, Thatcher's services included observing behavioral health patients as assigned; reporting safety hazards observed; providing assistance to employees, patients, and visitors; and providing security intervention and support for situations involving high-risk patients and visitors.

17. On Friday, April 4, 2014, at approximately 9:00 p.m., Plaintiff Thatcher was working his detail when an unconscious patient (identified herein as C.V.) arrived at the

OakBend Medical Center's Main Campus located at 1705 Jackson Street, Richmond, Texas. Thatcher was assigned to watch C.V. Patient C.V. remained unconscious until the end of Thatcher's shift at midnight, and no incidents transpired that required Thatcher's intervention.

18. When Thatcher arrived at work the following day on Saturday April 5, 2014, he was surprised to find C.V. was still unconscious and apparently unattended in a room near the nurse's station. At approximately 3:00 p.m., a technician from Texana Center, a mental health facility, arrived at OakBend's Main Campus and C.V.'s room to evaluate C.V. The technician attempted to revive C.V. so that she could evaluate him, but C.V. remained unresponsive. The technician explained that she could not evaluate C.V. as long as he was unconscious and that she would have to try again the following day.

19. At that point, a Charge Nurse named Dawn Simons entered C.V.'s room. The Nurse told the technician that she would "make [C.V.] as uncomfortable as possible" so he would wake up. The Nurse then proceeded to kick the unconscious C.V. in his lower leg. The force of the kick jolted C.V.'s legs, and he immediately woke up complaining of pain. The Nurse then threatened to have C.V. thrown in jail if he did not get up. C.V. became irritated, and he and the Nurse argued. Thatcher tried to defuse the situation, but the Nurse continued to shout at C.V. and provoke him. Thatcher spoke with C.V., who eventually calmed down.

B. **PLAINTIFF'S REPORT**

20. Plaintiff Thatcher, dismayed at the Nurse's actions and concerned that what he observed might be a violation of law, decided it was appropriate to report the incident to his direct supervisor, Harold Allen. Harold Allen is Security Manager at Defendant OakBend and was responsible for the direct supervision of Plaintiff Thatcher during his employment with OakBend.

21. Plaintiff Thatcher reported to Mr. Allen in person at approximately 3:30 p.m. that same day. In response, Allen told Thatcher not to return to C.V.'s bedside. Instead, Allen instructed Thatcher to report to OakBend Williams Way, a separate location. Thatcher followed his orders and immediately reported to the Williams Way facility.

22. After Thatcher arrived at the Williams Way facility, he was surprised to encounter C.V. in the emergency room there. The last time Thatcher had seen C.V., he did not appear to be in stable condition, so Thatcher was surprised C.V. had ended up at the Williams Way facility. Thatcher asked C.V. how he had gotten there, and C.V. related that the Nurse discharged him to Texana Center, who in turn had sent him to OakBend Williams Way because Texana Center felt he was not stable enough to remain at their facility.

C.   **DEFENDANTS RETALIATE AND TERMINATE PLAINTIFF'S EMPLOYMENT**

23. Thatcher remained concerned about the manner in which patient C.V. had been treated at OakBend's Main Campus. Accordingly, Thatcher followed up with his supervisor Harold Allen to see how the situation should be handled. In response, Allen told Thatcher not to report back to work and that Allen would call him the following Monday with instructions.

24. Thatcher did not hear from Allen, and his calls to Allen went unanswered. Thatcher began to grow concerned that he might have jeopardized his employment by reporting the Nurse. As a result, Thatcher called the Human Resources Department. Nancy Retzlaff was Director of Human Resources of Defendant OakBend. Thatcher spoke with Retzlaff and explained the situation. Thatcher was told that Human Resources had heard nothing about the C.V. incident, but that it would be taken care of.

25. On or about April 14, 2014, Thatcher met with supervisor Allen. At that meeting, Allen informed Plaintiff Thatcher that his employment at OakBend was terminated.

26. Thatcher was provided no reason for his discharge other than a purported failure to deescalate the incident that occurred between the Nurse and patient C.V.

27. Upon information and belief, Thatcher's employment was terminated pursuant to enforcement of an official OakBend policy; and/or a de facto custom, usage, or practice which was known by an official or officials responsible for establishing final policy with respect to this subject matter; and/or pursuant to OakBend's failure to adequately train and supervise staff so as to prevent the unlawful retaliatory conduct described herein; and/or was a deliberate choice to follow a course of action among various alternatives which was approved by an official or officials responsible for establishing final policy with respect to this subject matter.

28. In the process and as a result of terminating Thatcher, Defendants' actions resulted in damages and injury to Thatcher's professional reputation, personal humiliation, mental anguish, suffering and damaging Thatcher's future potential employment opportunities.

## V. CAUSES OF ACTION

### A. Count One: Retaliation Under Texas Health & Safety Code § 161.134

29. Plaintiff Eddie Jay Thatcher adopts and incorporates by reference each preceding paragraph of this Complaint as if fully and completely set forth herein.

30. Plaintiff observed a nurse physically strike and verbally assault a patient at OakBend Medical Center, and reported these legal violations, including patient safety violations, to his supervisor Allen and human resources director Retzlaff of Defendant OakBend. After Plaintiff reported the legal violations, including patient safety violations noted above, Defendants retaliated against Plaintiff and terminated Plaintiff's employment.

31. Because Defendant OakBend terminated Plaintiff's employment before the 60th day after the date on which Plaintiff made his report in good faith to OakBend, there is a rebuttable presumption that Defendant terminated Plaintiff for making a report related to a legal violation pursuant to Texas Health and Safety Code § 161.134(f).

32. Defendant's actions, retaliation, and termination of Plaintiff's employment violated the Texas Health and Safety Code, including but not limited to § 161.134 of the Texas Health and Safety Code.

33. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered actual damages, mental anguish, lost wages, lost fringe benefits, lost bonuses, both in the past and in the future, as well as court costs, inconvenience, loss of enjoyment of life in the past and in all probability will continue to suffer in the future.

34. Furthermore, Plaintiff is entitled to recover exemplary damages and reasonable attorney's fees pursuant to Texas Health and Safety Code § 161.134(d).

**B.** **COUNT TWO: 42 U.S.C. 1983/RETALIATION FOR EXERCISE OF FREE SPEECH AND EXPRESSION**

35. Plaintiff Eddie Jay Thatcher adopts and incorporates by reference each preceding paragraph of this Complaint as if fully and completely set forth herein.

36. Plaintiff observed a nurse physically strike and verbally assault a patient at OakBend Medical Center, and reported this to OakBend through his supervisor Harold Allen and human resources director Nancy Retzlaff. The Plaintiff's report constituted speech by an individual citizen having to do with matters of public concern, including the safety of patients at OakBend. After Plaintiff made his report, Defendants, acting under color of state law and as a matter of custom and policy, retaliated against Plaintiff and terminated Plaintiff's employment.

37.     This conduct was motivated by Plaintiff's protected speech and expression, and proximately caused Plaintiffs the deprivation of their federally protected rights, resulting in injury to them. These acts were committed pursuant to an official OakBend policy; and/or a *de facto* custom, usage, or practice which was known by an official or officials responsible for establishing final policy with respect to this subject matter; and/or pursuant to OakBend's failure to adequately train and supervise staff so as to prevent the unlawful retaliatory conduct described herein; and/or was a deliberate choice to follow a course of action among various alternatives which was approved by an official or officials responsible for establishing final policy with respect to this subject matter.

38.     Defendants' actions, retaliation, and termination of Plaintiff's employment infringes upon Plaintiff's constitutionally protected interest in freedom of speech and expression, under Tex. Const. art. I, § 8 and the First Amendment of the United States Constitution.

39.     Defendants' actions and omissions were undertaken under color of state law, making the Defendants liable under § 1983.

40.     Plaintiff's claims under § 1983 are actionable against Allen in his individual capacity, as laws prohibiting retaliation for exercising the First Amendment rights to speak out on matters of public concern have been clearly established for years, and Allen knew or should have known that retaliation for exercising the First Amendment right to speak out on matters of public concern was clearly established and a violation of federal law. In light of the law clearly established at the time of these violations, the actions of Allen were objectively unreasonable.

41.     As a result of these violations by Defendants, Plaintiff has suffered actual and compensatory damages for which he is entitled to recover, including but not limited to past

and future pecuniary and non-pecuniary losses, and other relief to secure Plaintiff's rights. Plaintiff is also entitled to recover punitive damages from Allen individually, because Allen acted willfully, knowingly, and purposely, with the specific intent to deprive Plaintiff of his First Amendment rights of free speech and expression.

## VI.   DAMAGES

42.   Plaintiff adopts and incorporates by reference each preceding paragraph of this Complaint as if fully and completely set forth herein.

43.   Defendant's conduct and actions discussed above proximately caused injury to Plaintiff, which resulted in damages including actual damages; mental anguish in the past and future; back pay including lost wages and benefits that would have been paid from the date of the retaliation until the trial date; future pay including future bonuses; lost earnings and benefits; loss of employment and employment benefits; prejudgment and post-judgment interest; costs of court; and attorney's fees.

44.   Plaintiff also seeks exemplary damages caused by the actions and omissions of Defendant OakBend and as allowed by Texas Health and Safety Code § 161.134(d), and punitive damages caused by the actions and omissions of Defendant Allen and as allowed by 42 U.S.C. § 1983.

45.   Plaintiff also seeks declaratory and injunctive relief.

## VII.   ATTORNEY'S FEES

46.   Plaintiff adopts and incorporates by reference each preceding paragraph of this Complaint as if fully and completely set forth herein.

47.   In addition, as a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf.

48. Plaintiff has retained the services of the undersigned counsel of record, and accordingly, Plaintiff sues for reasonable attorney's fees pursuant to Texas Health and Safety Code § 161.134(d).

### VIII.  JURY DEMAND

49. Plaintiff demands a jury trial and tendered the appropriate fee.

### IX.  CONDITIONS PRECEDENT/CAPACITY

50. Plaintiff brings claims against Defendants in all capacities in which they may be liable. All conditions precedent necessary to bring this suit have occurred or have been performed.

### X.  DEMAND FOR PRESERVATION OF EVIDENCE AND ESI

51. Plaintiff previously requested and demanded that Defendant OakBend preserve and maintain all evidence pertaining to any claim or defense related to the facts and allegations making the basis of this lawsuit, or damages resulting therefrom.

52. Defendant and its affiliated entities should immediately take the necessary steps to issue a litigation hold and preserve all "electronically stored information" ("ESI") and other documents, on whatever storage media, device or location, in their possession or control (including third parties) that contain potential ESI relating to the claims and defenses contained in this Complaint, and that Defendant avoid spoliation of this ESI. Defendant should suspend all document retention or destruction policies, including but not limited to video surveillance footage, video security footage, backup, restoration, deletion, destruction, and tape recycling.

## IX. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Eddie Jay Thatcher respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against the Defendants for:

(1) Declaratory and injunctive relief;

(2) Actual damages;

(3) Mental anguish in the past;

(4) Mental anguish in the future;

(5) Back pay including lost wages and benefits that would have been paid from the date of the retaliation until the trial date;

(6) Future pay including future bonuses, lost earnings and benefits;

(7) Loss of employment;

(8) Loss of employment benefits;

(9) Prejudgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

(10) Post-judgment interest;

(11) Costs of court;

(12) Exemplary and punitive damages;

(13) Reasonable attorney's fees; and

(14) Such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE CLINTON LAW FIRM

_____
Scot Clinton
Texas Bar No. 24045667
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
(713) 360-8900 Tel.
(713) 589-8800 Fax.
Scot@theclintonlawfirm.com

Attorney for Plaintiff
Eddie Jay Thatcher

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument is being served on all parties on this April 17, 2015.

Mark J. Levine
Attorney-In-Charge
Amanda Gutierrez
Of counsel
Weycer, Kaplan, Pulaski & Zuber, P.C.
11 Greenway Plaza, Suite 1400
Houston, Texas 77046-1104
(713) 961-5341 fax
mlevine@wkpz.com
agutierrez@wkpz.com
Attorneys for Defendant

_____
Scot Clinton