United States District Court
Southern District of Texas
**ENTERED**
August 29, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE JAY THATCHER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3551 |
| | § | |
| OAKBEND MEDICAL CENTER and | § | |
| HAROLD ALLEN, Individually and in his | § | |
| Official Capacity, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a motion for judgment as a matter of law filed by defendant OakBend Medical Center ("OakBend"). Dkt. 53. OakBend filed its motion pursuant to Federal Rule of Civil Procedure 50. After considering the motion, response, testimony and arguments at trial, and the applicable law, the court finds that OakBend's motion should be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

Plaintiff Eddie Jay Thatcher's claim against OakBend for retaliatory discharge was tried before a jury on February 8–10, 2016. Dkts. 41, 43, 45. The evidence at trial centered around whether Thatcher's supervisor, Harold Allen, terminated Thatcher's employment as a security guard at OakBend because he exercised his right to free speech regarding a charge nurse who worked at the hospital kicking a patient. At the conclusion of the presentation of evidence, OakBend moved for judgment as a matter of law under Federal Rule of Civil Procedure on four issues: (1) whether the evidence sufficiently demonstrated that Thatcher exercised speech that is a matter of public concern; (2) whether the evidence supported causation; (3) whether Thatcher mitigated his damages;

and (4) whether Thatcher had presented sufficient evidence of malice to support an award of punitive damages. Dkt. 63 (transcript of day 3). The court denied the motion for judgment as a matter of law as to the first three issues and took the fourth under advisement. *Id.* The court specifically found on the record that when Thatcher spoke about the kicking incident he was speaking as a private citizen and his speech impacted a matter of public concern. *Id.* The jury was then charged. After deliberating, it found that OakBend "terminate[d] the employment of [Thatcher] for engaging in speech that motivated [OakBend's] decision," and it awarded $5,000.00 in damages for past lost earnings, $1,500.00 for past pain and suffering, and $15,000.00 in punitive damages. Dkt. 50-1.

OakBend now moves for judgment as a matter of law, requesting that the court find that the First Amendment does not protect speech that concerns a public employee's complaint that a co-worker has engaged in misconduct which does not relate to any official act or omission and, in fact, involves conduct prohibited by the public employer. Dkt. 53. OakBend requests, in the alternative, that the court hold that there was no evidence at trial that OakBend acted with malice or reckless indifference to Thatcher's First Amendment rights. *Id.* OakBend also asserts that even if there were evidence that Thatcher's supervisor acted with malice or reckless indifference, his actions cannot be imputed to OakBend. *Id.*

Thatcher asserts that his speech was protected under the First Amendment because he spoke on a matter of public concern and that there was legally sufficient evidence to support the jury's verdict and damages awards. Dkt. 65. Thatcher argues that OakBend waived two of its arguments because it did not raise them in its motion for judgment as a matter of law at the conclusion of evidence. *Id.* Specifically Thatcher contends OakBend waived (1) the argument regarding Thatcher's co-worker's conduct not relating to an official act or omission; and (2) the argument that the speech does not involve a matter of public concern because the misconduct at issue was

2

prohibited by the employer. *Id.* Thatcher further contends that "official misconduct" may be committed by a fellow employee and that, regardless, the misconduct in this case was misconduct by an official—the charge nurse. *Id.* Alternatively, Thatcher argues that "official misconduct" is not necessary to establish speech on a matter of public concern. *Id.*

As far as punitive damages, Thatcher contends that the evidence demonstrates that Thatcher's supervisor was informed of Thatcher's speech to outside law enforcement and then acted with reckless or callous indifference to Thatcher's First Amendment right to freely speak about matters of public concern when he terminated Thatcher's employment. *Id.* Thatcher contends that liability for punitive damages imputes to OakBend because Thatcher's supervisor, Harold Allen, was a managerial employee acting within the scope of his employment. *Id.*

## II. LEGAL STANDARD

OakBend makes its request pursuant to Federal Rule of Civil Procedure 50. Under Rule 50(a), a "motion for judgment as a matter of law may be made at any time before the case is submitted to the jury" and "must specify te judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). The court may grant a party's Rule 50(a) motion if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue." *Id.* 50(a)(1). "[J]udgment as a matter of law should only be granted if 'the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir.2002) (quoting *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 235 (5th Cir. 2001)). In reviewing a Rule 50 motion, the court should "'review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations

3

or weigh the evidence.'" *Id.* (quoting *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001)).

Under Rule 50(b), if a party moves for judgment under Rule 50(a) and the court does not grant the motion, the party may "file a renewed motion for judgment as a matter of law."  Fed. R. Civ. P. 50(b).  The court may either allow judgment on the verdict, order a new trial, or direct entry of judgment as a matter of law.  *Id.*  A "motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." (internal quotations omitted).  *Coffel*, 284 F.3d at 630.  "If a party fails to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal."  *Flowers*, 247 F.3d at 238.

### III. ANALYSIS

The court will first address Thatcher's contention that OakBend waived its arguments (1) that the nurse's kicking a patient does not relate to an official act and omission; and (2) that the speech does not address a public concern because the nurse's conduct was prohibited by the public employer.  It will then consider OakBend's arguments, to the extent they have not been waived, regarding the sufficiency of the evidence for liability and punitive damages.

### A.    Waiver

Thatcher contends that OakBend has waived its right to assert the argument that the nurse's conduct in kicking a patient does not relate to an "official act or omission."  Dkt. 5 at 3.  However, in asserting its motion for judgment at the conclusion of the evidence, OakBend's counsel stated:

> Here, we don't have official misconduct involved at all.  All we have
> is a – the accusation of a nurse kicking a patient.  The nurse is not an
> official of the hospital.  She's just an employee.  And so, I don't see

4

how this rises to the level of a whistle-blowing at all in a public context. We just have an internal issue of how an employee is to be disciplined by her employer.

Dkt. 63 at 6:2–9. Thatcher states that the argument about an "official act or omission" is distinct from "official misconduct," but he does not explain why they are different. *See* Dkt. 65 at 3 & n.3. The court believes OakBend sufficiently moved for judgment as a matter of law under Rule 50(a) on the argument that the kicking is not an official act and that it did not constitute official misconduct because OakBend's counsel asserted that he did not believe Thatcher had sufficient evidence to show that he exercised speech that is a matter of public concern. Whether the nurse's conduct is official misconduct or relates to an official act or omission is part of the public concern analysis. *See Brawner v. City of Richardson, Tex.*, 855 F.2d 187, 191–92 (5th Cir. 1988) ("The disclosure of misbehavior by public officials is a matter of public interest and therefore deserves constitutional protection."). Accordingly, this argument was not waived.

Thatcher also contends that OakBend waived its right to argue that the speech does not involve a matter of public concern because kicking a patient is conduct prohibited by OakBend. Dkt. 65 at 3. The court has reviewed the transcript and finds that OakBend did not raise this issue when making its motion.[1] Accordingly, to the extent OakBend relies on this argument to now assert that the content, form, or context of the report does not rise to a public concern, that argument has been waived.

**B.    Public Concern**

OakBend seeks a ruling that the First Amendment does not protect speech that concerns a public employee's complaint that a co-worker has engaged in misconduct which does not relate to

---

[1] The court notes that OakBend did not file a reply brief or address the waiver argument in any way.

any official act or omission and, in fact, involves conduct prohibited by the public employer. Thatcher argues that he spoke on a matter of public concern and that there was legally sufficient evidence to support the jury's verdict. Alternatively, Thatcher asserts that official misconduct is not necessary to establish speech on a matter of public concern. The court has already found that OakBend waived its argument relating to the conduct being prohibited by OakBend. It will address whether speech by a fellow employee about a charge nurse in a public hospital kicking a patient is a matter of public concern without considering OakBend's position on the propriety of the nurse kicking the patient.

It is impermissible, under the First Amendment, for the state to "condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of speech" as it relates to public concerns. *Connick v. Myers*, 461 U.S. 138, 142–46, 103 S. Ct. 1684 (1983) (quoting *Roth v. United States*, 354 U.S. 476, 484, 77 S. Ct. 1304 (1957)). However, when "employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment." *Id.* at 146. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147–48. When considering content, form, and context, courts must keep in mind that the First Amendment does not protect speech, even if it "is of great social importance," if "it was made pursuant to the worker's official duties." *Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 692 (5th Cir. 2007) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951 (2006)). Whether speech on an issue is a matter of public concern is a question of law. *Modica v. Taylor*, 465 F.3d 174, 180 (5th Cir. 2006).

The question here is whether Thatcher's speech relating to a nurse kicking a patient at a public hospital is an issue of public concern. OakBend contends that speech relating to a public concern is grouped into two categories: (1) speech involving one's political opinions; and (2) speech calculated to disclose misconduct on the part of governmental officials in the scope of their official duties. Dkt. 53 at 3. OakBend asserts that a topic may be of general interest to the public but not rise to the level of a being a public concern for First Amendment purposes. *Id.* Thatcher contends that "official misconduct" is not necessary to establish speech on a matter of public concern and that, even if it were, official misconduct is not limited to a "public figure" or "top management" and may be committed by fellow employees. Dkt. 65. He contends, in the alternative, that the evidence at trial established that the charge nurse who kicked the patient was in charge of other nurses, that she was acting in her capacity as a charge nurse, and that her conduct is therefore official misconduct that rises to the level of a public concern. *Id.*

Thatcher relies in part on *Frazier v. King*, 873 F.2d 820, 826 (5th Cir. 1989). In *Frazier*, the plaintiff was a registered nurse working in an infirmary at a prison. 873 F.2d at 822. She reported violations of nursing practices *by her colleagues* to her supervisor. *Id.* Her supervisor did not correct the problem, and she went up the ladder with her reports, to no avail. *Id.* Eventually, she reported her concerns to the State Board of Nursing. *Id.* After an investigation revealed the plaintiff had made copies of patient records without permission, her employment was terminated. *Id.* at 823. The plaintiff sued various prison officials, asserting that the termination violated her First Amendment rights, among other claims. *Id.* at 822. The district court determined that the defendants violated the plaintiff's right of free speech. *Id.* at 827. On appeal, the defendants conceded that the "'quality of nursing care given to any group of people, including inmates, is a

matter of public concern,'" and the Fifth Circuit agreed and held that the district court correctly determined that the defendants violated the plaintiff's right of free speech. *Id.* at 825.

While there are distinctions between this case and *Frazier,* including that the *Frazier* plaintiff reported her colleagues' misconduct to individuals who, after some time, did not remedy the situation, clearly in *Frazier*, like in this case, the public concern was primarily about the nurses not appropriately caring for patients. The Fifth Circuit did not discuss the public concern as a systemic problem or a problem with management. Its focus was on the fact the public would be concerned if nursing care is sub-par. Thus, to the extent that OakBend argues that the charge nurse's conduct was not "official conduct" or she wasn't a high enough ranking official for her actions to be of public concern, the *Frazier* opinion demonstrates otherwise.

Another Fifth Circuit case that the court finds instructive in this situation is *Wilson v. University of Texas Health Center*, 973 F.2d 1263 (5th Cir. 1992). In *Wilson*, the plaintiff was a member of the University of Texas Health Center ("UTHC") police force, and her employment was terminated after she complained about sexual harassment of her and other female officers by fellow officers. 873 F.2d at 1266. The Fifth Circuit held that the content of the plaintiff's speech, which included "reports of sexual harassment perpetrated on her and other women at UTHC," was "of great public concern." Here, the court finds that the content of the speech at issue is likewise of "great public concern."

OakBend's motion, to the extent it seeks a ruling that Thatcher was not speaking on a matter of public concern, is DENIED.

## C. Punitive Damages

OakBend contends that there is legally insufficient evidence to support an award of punitive damages. Dkt. 53 at 8. "[A] jury may be permitted to assess punitive damages in an action under

8

§ 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625 (1983). The terms "malice" and "reckless indifference" "pertain to the employer's knowledge that it may be acting in violation of federal law." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535, 119 S. Ct. 2118 (1999) (applying the *Smith* holding in the context of a § 1981a case); *see also Worldwide Network Servs., LLC v. Dyncorp Int'l, LLC*, 365 F. App'x 432, 445, 2010 WL 489477 (4th Cir. Feb. 12, 2010). Here, while there was sufficient evidence for the jury to determine that Thatcher's supervisor made the decision to terminate Thatcher's employment because of the speech at issue, the court finds that there was insufficient evidence of evil motive or reckless or callous indifference to Thatcher's freedom of speech to support an award of punitive damages. Accordingly, OakBend's motion, as it relates to the punitive damage award, is GRANTED.

### III. CONCLUSION

OakBend's motion for judgment as a matter of law is GRANTED IN PART AND DENIED IN PART. It is GRANTED with regard to the jury's award of punitive damages. The court SETS ASIDE the jury's award of punitive damages. The motion is otherwise DENIED.

Thatcher is hereby ORDERED to move for final judgment and provide the court with a proposed final judgment that does not include the punitive damages award within ten (10) days of the date of this order.

Signed at Houston, Texas on August 29, 2016.

Gray H. Miller
United States District Judge

9